UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

BARBARA L. MILLERSMITH,

     Plaintiff,

vs.                                                                    Case No. _____

RUSHMORE SERVICE CENTER, LLC,

     Defendant.

_____/

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1331, 1367, 1441 and 1446, Defendant, RUSHMORE SERVICE

CENTER, LLC ("Rushmore"), hereby gives Notice of Removal of this action from the County Court

of the Seventeenth Judicial Circuit in and for Broward County, where the action is now pending, to

the United States District Court for the Southern District of Florida, Fort Lauderdale Division, on

the basis of federal question jurisdiction and supplemental jurisdiction. Rushmore appears for the

purpose of removal only and for no other purpose and reserves all rights and defenses available to

it, including the right to amend or supplement this Notice of Removal. In support of this Notice of

Removal, Rushmore alleges as follows:

    1.    Plaintiff, Barbara Millersmith, commenced this action by filing a Statement of Claim

on December 5, 2017 in the County Court of the Seventeenth Judicial Circuit, in and for Broward

County, as Case Number COSO-17-010554, Div. 61. Defendant, Rushmore, was served on

December 11, 2017.

    2.    From the allegations of the Complaint, Plaintiff's claims arise under one or more

laws of the United States. In particular, Plaintiff's claim arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et. seq.* Plaintiff alleges specifically that Rushmore violated multiple sections of the FDCPA while attempting to collect a consumer debt from Plaintiff by allegedly making misleading statements concerning Plaintiff's rights and failing to disclose that Plaintiff's account balance was subject to increases.

3. This Court has original jurisdiction over this cause of action pursuant to 28 U.S.C. §1331, and removal of this action is proper under 28 U.S.C. 1441, which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

4. The United States District Court for the Southern District of Florida, Fort Lauderdale Division, is the district and division embracing the place where the action is pending, and the location where Plaintiff alleges in the Statement of Claim that the violations of the FDCPA occurred.

5. Count III of the Statement of Claim also attempts to allege violations of the Florida Consumer Collection Practices Act, Florida Statute §559.72(9). Count III alleges as grounds for FCCPA liability the same grounds and allegations as the alleged FDCPA violations, namely misleading statements concerning Plaintiff's rights. Pursuant to 28 U.S.C. §1367, "in any action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The United States District Court for the Southern District of Florida, Fort Lauderdale Division, has supplemental jurisdiction over the FCCPA claim.

2

6.      This Notice of Removal is timely, having been filed within 30 days of the receipt by Rushmore of a copy of Plaintiff's Summons and Statement of Claim, as provided by 28 U.S.C. §1446(b). Copies of all process and pleadings that have been served upon Defendant are attached hereto as Exhibit "A" in accordance with 28 U.S.C. §1446(a).

7.      Pursuant to 28 U.S.C. 1446(d), contemporaneously with the filing of this Notice of Removal, Rushmore is serving a copy of such Notice on counsel for Plaintiff, and a copy of this Notice is being filed with the Clerk of the Court for the Circuit Court of the Seventeenth Judicial Circuit, County Division, in and for Broward County, Florida. (A copy of the Notice is attached as Exhibit "B.")

WHEREFORE, Defendant, Rushmore, removes this action to the United States District Court for the Southern District of Florida, Fort Lauderdale Division, from the County Court of the Seventeenth Judicial Circuit in and for Broward County, and requests that this cause proceed in its entirety in this Court.

Respectfully submitted,


Dickinson & Gibbons, P.A.
401 N. Cattlemen Road, Suite #300
Sarasota, FL 34232
(941) 366-4680 (phone)
(941) 365-2923 (fax)

By:/s/ Jesse R. Butler
        Jesse R. Butler, Esquire
        Florida Bar No. 084058
        jbutler@dglawyers.com
        Charles W. Denny, IV, Esquire
        Florida Bar No. 0488615
        cdenny@dglawyers.com
        araymond@dglawyers.com
        Attorneys for Defendant, Rushmore

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

U.S. Mail and electronic mail on this 3rd day of January, 2018, to the attorney of record for Plaintiff

listed below.

/s/ Jesse R. Butler
Jesse R. Butler

Benjamin W. Raslavich, Esquire
ben@theKRfirm.com
Kuhn Raslavich, P.A.
2124 W. Kennedy Blvd., Suite B
Tampa, Florida 33606
(813) 422-7782 (phone)
(813) 422-7783 (fax)
Counsel for Plaintiff, Barbara Millersmith

IN THE COUNTY COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

BARBARA MILLERSMITH,

     Plaintiff,

vs.                              Case No. COSO-17-010554, Division 61

RUSHMORE SERVICE CENTER, LLC

     Defendant.

_____/

## **NOTICE OF FILING DEFENDANT'S NOTICE OF REMOVAL**

     Defendant, RUSHMORE SERVICE CENTER, LLC ("Rushmore"), by and through

undersigned counsel and pursuant to 28 U.S.C. §1446(d), gives notice of filing a copy of Defendant's

Notice of Removal, which is attached hereto. The Notice of Removal is being filed in the Office of

the Clerk of the United States District Court for the Southern District of Florida contemporaneously

herewith, and removes the above-styled action from the County Court of the Seventeenth Judicial

Circuit, in and for Broward County, Florida, to the United States District Court for the Southern

District of Florida, Fort Lauderdale Division.

     Respectfully submitted this 3 day of January, 2018.

                                DICKINSON & GIBBONS, P.A.

                                Charles W. Denny, IV, Esquire
                                Florida Bar No. 0488615
                                Jesse R. Butler, Esquire
                                Florida Bar No. 084058
                                401 N. Cattlemen Road, Suite #300
                                Sarasota, FL 34236
                                (941) 366-4680 (phone)
                                (941) 365-2923 (fax)
                                cdenny@dglawyers.com
                                jbutler@dglawyers.com
                                araymond@dglawyers.com
                                Attorneys for Defendant, Rushmore


EXHIBIT

B

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U.S. Mail and electronic mail on this 3rd day of January, 2018, to the attorney of record for Plaintiff listed below.

Charles W. Denny, IV, Esquire
Florida Bar No. 0488615
Jesse R. Butler, Esquire
Florida Bar No. 084058
401 N. Cattlemen Road, Suite #300
Sarasota, FL 34236
(941) 366-4680 (phone)
(941) 365-2923 (fax)
cdenny@dglawyers.com
jbutler@dglawyers.com
araymond@dglawyers.com
Attorneys for Defendant, Rushmore

Benjamin W. Raslavich, Esquire
ben@theKRfirm.com
Kuhn Raslavich, P.A.
2124 W. Kennedy Blvd., Suite B
Tampa, Florida 33606
(813) 422-7782 (phone)
(813) 422-7783 (fax)
Counsel for Plaintiff, Barbara Millersmith

2



## Notice of Service of Process

null / ALL
Transmittal Number: 17508891
Date Processed: 12/12/2017

| | |
|---|---|
| Primary Contact: | Miles K. Beacom<br>Rushmore Service Center, LLC<br>3820 N. Louise Avenue<br>Sioux Falls, SD 57107 |

| | |
|---|---|
| Entity: | Rushmore Service Center, LLC<br>Entity ID Number  2878024 |
| Entity Served: | Rushmore Service Center, LLC |
| Title of Action: | Barbara L. Millersmith vs. Rushmore Service Center, LLC |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Violation of State/Federal Act |
| Court/Agency: | Broward County Court, Florida |
| Case/Reference No: | COSO-17-010554 - 61 |
| Jurisdiction Served: | Florida |
| Date Served on CSC: | 12/11/2017 |
| Answer or Appearance Due: | 01/09/2018 |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Benjamin W. Raslavich<br>813-422-7782 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



EXHIBIT

A

Case Number: COSO-17-010554 Division: 61

Filing # 64971420 E-Filed 12/05/2017 12:39:30 PM

Barbara Millersmith _____ :

_____ :

_____ :

_____ :

PLAINTIFF

VS.

Rushmore Service Center, LLC, _____ :

_____ :

_____ :

_____ :

DEFE·

IN THE COUNTY COURT IN AND
FOR BROWARD COUNTY, FLORIDA

CASE NO. _____

JUDGE _____ Date 10/11/12 Time 950^

DIV. _____ MCN: No. 111

is a certified process server in the
SUMMONS/NOTICE TO APPEAR FOR County Courts
PRETRIAL CONFERENCE for the Second Judicial Circuit

Pretrial Information: Appear at
3550 Hollywood Boulevard, Hollywood, FL 33021
on 01/09/2018 at 1:30 PM in South Courtroom 230.

STATE OF FLORIDA – NOTICE TO PLAINTIFF(S) AND DEFENDANT(S):

Barbara Millersmith
c/o Kuhn Raslavich, P.A.
2124 W. Kennedy Blvd., Ste. B
Tampa, Florida 33606

Rushmore Service Center, LLC
Corporation Service Company
1201 Hays Street
Tallahassee, Florida 32301

**YOU ARE HEREBY NOTIFIED** that you are required to appear in person or by attorney at the Broward County Courthouse in Courtroom_____, located at _____ _____ on _____ at _____ for a **PRETRIAL CONFERENCE** before a Judge of this court.

### IMPORTANT – READ CAREFULLY
### THE CASE WILL NOT BE TRIED AT THAT TIME.
### DO NOT BRING WITNESSES–APPEAR IN PERSON OR BY ATTORNEY.

The defendant(s) must appear in court on the date specified in order to avoid a default judgment. The plaintiff(s) must appear to avoid having the case dismissed for lack of prosecution. A written MOTION or ANSWER to the court by the plaintiff(s) or the defendant(s) shall not excuse the personal appearance of a party or its attorney in the PRETRIAL CONFERENCE. The date and time of the pretrial conference CANNOT be rescheduled without good cause and prior court approval.

A corporation may be represented at any stage of the trial court proceedings by an officer of the corporation or any employee authorized in writing by an officer of the corporation. Written authorization must be brought to the Pretrial Conference.

The purpose of the pretrial conference is to record your appearance, to determine if you admit all or part of the claim, to enable the court to determine the nature of the case, and to set the case for trial if the case cannot be resolved at the pretrial conference. You or your attorney should be prepared to confer with the court and to explain briefly the nature of your dispute, state what efforts have been made to settle the dispute, exhibit any documents necessary to prove the case, state the names and addresses of your witnesses, stipulate to the facts that will require no proof and will expedite the trial, and estimate how long it will take to try the case.

Mediation may take place at the pretrial conference. Whoever appears for a party must have full authority to settle. Failure to have full authority to settle at this pretrial conference may result in the imposition of costs and attorney fees incurred by the opposing party.

If you admit the claim, but desire additional time to pay, you must come and state the circumstances to the court. The court may or may not approve a payment plan and withhold judgment or execution or levy.

**RIGHT TO VENUE.** The law gives the person or company who has sued you the right to file in any one of several places as listed below. However, if you have been sued in any place other than one of these places, you, as the defendant(s), have the right to request that the case be moved to a proper location or venue. A proper location or venue may be one of the following: (1) where the contract was entered into; (2) if the suit is on an unsecured promissory note, where the note is signed or where the maker resides; (3) if the suit is to recover property or to foreclose a lien, where the property is located; (4) where the event giving rise to the suit occurred; (5) where any one or more of the defendants sued reside; (6) any location agreed to in a contract; (7) in an action for money due, if there is no agreement as to where the suit may be filed, where payment is to be made.

If you, as the defendant(s), believe the plaintiff(s) has/have not sued in one of these correct places, you must appear on your court date and orally request a transfer, or you must file a **WRITTEN** request for transfer in affidavit form (sworn to under oath) with the court 7 days prior to your first court date and send a copy to the plaintiff(s) or plaintiff(s) attorney, if any.

A copy of the statement of claim shall be served with this summons.

**DATED** at _____ Florida, on ___DEC 05 2017_____

Filed by: _____
Address: _____
_____
_____

BRENDA D.
AS CLERK

By_____
BRENDA D. FORMAN

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Room 470, 201 S.E. Sixth Street, Fort Lauderdale, FL 33301, 954-831-7721 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

FORM 1.997.   CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statutes section 25.075. (See instructions for completion.)

I.   **CASE STYLE**

## IN THE COUNTY COURT IN AND FOR BROWARD COUNTY

Barbara Millersmith,

Case No.:

Plaintiff,

v.

RUSHMORE SERVICE CENTER, LLC,

Defendant.

II.   **TYPE OF CASE**   (If the case fits more than one type of case, select the most definitive   category.)
If the most descriptive label is a subcategory (is indented under a broader category), place an x in both the main category and subcategory boxes.

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence—other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability—commercial
  - ☐ Premises liability—residential
- ☐ Products liability
- ☐ Real property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more

- ☐ Homestead residential foreclosure $0 - $50,000
- ☐ Homestead residential foreclosure $50,001 - $249,999
- ☐ Homestead residential foreclosure $250,000 or more
- ☐ Nonhomestead residential foreclosure $0 - $50,000
- ☐ Nonhomestead residential foreclosure $50,001 - $249,999
- ☐ Nonhomestead residential foreclosure $250,000 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more
- ☐ Professional malpractice
  - ☐ Malpractice—business
  - ☐ Malpractice—medical
  - ☐ Malpractice—other professional
- ☐ Other
  - X Antitrust/Trade regulation
  - ☐ Business transactions
  - ☐ Constitutional challenge—statute or ordinance

☐ Constitutional challenge—proposed amendment
☐ Corporate trusts
☐ Discrimination—employment or other
☐ Insurance claims
☐ Intellectual property

☐ Libel/Slander
☐ Shareholder derivative action
☐ Securities litigation
☐ Trade secrets
☐ Trust litigation

III. **REMEDIES SOUGHT** (check all that apply):
X **monetary**;
X **nonmonetary declaratory or injunctive relief**;
☐ punitive

IV. **NUMBER OF CAUSES OF ACTION:** [ 2 ]
(specify) Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*; Florida Consumer Collection
Practices Act, Fla. Stat. § 559, *et seq.*

V. **IS THIS CASE A CLASS ACTION LAWSUIT?**
☐ yes
☒ **no**

VI. **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
☒ **no**
☐ yes If "yes," list all related cases by name, case number, and court.

VII. **IS JURY TRIAL DEMANDED IN COMPLAINT?**
☒ **yes**
☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and
belief.

Signature_____   Fla. Bar #___102808___   Attorney or party
(Bar # if attorney)

_____Benjamin Raslavich_____
(type or print name)

_____December 5, 2017_____
Date

IN THE COUNTY COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

BARBARA L. MILLERSMITH,

     Plaintiff,

v.                            Case No.:

RUSHMORE SERVICE CENTER, LLC,

     Defendant.
_____/

## NOTICE OF DESIGNATION OF EMAIL ADDRESS FOR SERVICE OF COURT DOCUMENTS

KUHN RASLAVICH, P.A., by and through the undersigned attorney, hereby designates the following email addresses for use pursuant to the Florida Rule of Judicial Administration 2.516:

ben@theKRfirm.com

Jennifer@theKRfirm.com

## CERTIFICATION OF SERVICE

I DO HEREBY CERTIFY that a true and correct copy of this document will be served on the Defendant along with the summons in this action.

Respectfully submitted by:

/s/ Benjamin W. Raslavich
BENJAMIN W. RASLAVICH, ESQ.
Florida Bar No.: 0102808
KUHN RASLAVICH, P.A.
2124 W. Kennedy Blvd., Suite B
Tampa, Florida 33606
Telephone: (813) 422 – 7782
Facsimile: (813) 422 – 7783
ben@theKRfirm.com
Counsel for Plaintiff

IN THE COUNTY COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

BARBARA L. MILLERSMITH,

      Plaintiff,

v.                                                                                      Case No.:

RUSHMORE SERVICE CENTER, LLC,

      Defendant.

_____/

## STATEMENT OF CLAIM AND DEMAND FOR JURY TRIAL

Plaintiff BARBARA L. MILLERSMITH ("Plaintiff"), by and through her undersigned counsel, seeks redress for the unlawful practices of Defendant, RUSHMORE SERVICE CENTER, LLC ("Defendant"), to wit, for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559, *et seq.* ("FCCPA"), and in support thereof, alleges the following:

### NATURE OF THE ACTION

**I.     THE FAIR DEBT COLLECTION PRACTICES ACT**

1. The Fair Debt Collection Practices Act (the "FDCPA") is a series of statutes which prohibit a catalog of activities in connection with the collection of consumer debts by debt collectors. *See*, 15 U.S.C. §1692, generally. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to ensure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

2.  In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692(b).

3.  Accordingly, the FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector and provides for specific consumer rights. 15 U.S.C. §1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

4.  Section 1692g of the FDCPA requires debt collectors to make certain disclosures, and/or provide consumers with certain information, depending on the circumstances. In particular, § 1692g(a) mandates that:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> [...]
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector[.]

15 U.S.C. § 1692g(a). *See, McMurray v. ProCollect, Inc.*, 687 F.3d 665 (5th Cir. 2012) ("Merely including the required [§ 1692g(a)] notice in letters to consumers is not sufficient.

The notice must also be set forth in a form and within a context that does not distort or obfuscate its meaning. A debt collector may violate Section 1692g if other language in its communication with consumers 'overshadow[s]' or is 'inconsistent with' the statutorily-mandated notice.").

5.  Section 1692g(b) provides that "[a]ny collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

6.  Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The sixteen subsections of § 1692e set forth a non-exhaustive list of practices that fall within this ban, including:

> (2) The false representation of--
>
> > (A) the character, amount, or legal status of any debt; or
>
> > [...]
>
> (10)  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e.

7.  The FDCPA is a strict liability statute. *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." *Russell v. Equifax A.R.S.*, 74 F. 3d 30 (2d Cir. 1996); *see also, Gearing v. Check Brokerage Corp.*, 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA).

8.  The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the

debtor. *Sprinkle v. SB&C Ltd.*, 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. *Clark v. Capital Credit & Collection Services, Inc.*, 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act [15 U.S.C §1601], is a remedial statute, it should be construed liberally in favor of the consumer." *Johnson v. Riddle*, 305 F. 3d 1107 (10th Cir. 2002).

9. In determining whether a debt collector has violated the FDCPA, the debt collector's actions are considered through the least sophisticated consumer lenses. *See, Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985) (holding that, "because we believe that the FDCPA's purpose of protecting consumers is best served by a definition of deceive that looks to the tendency of language to mislead the least sophisticated recipients of a debt collector's letters and telephone calls, we adopt the [] standard of **least sophisticated consumer…**" (emphasis added) (internal quotations and citations omitted)).

10. In the Eleventh Circuit, "[w]hether a particular communication is false or deceptive is a question for the jury." *Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1274 (11th Cir. 2016) (citing *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1178 (11th Cir. 1985)); *see also, Lopera v. Midland Credit Mgt., Inc.*, 8:16-CV-1448-T-33JSS, 2016 WL 6650744, at *3 (M.D. Fla. Nov. 10, 2016)("[W]hether a letter is misleading raises a question of fact. Generally speaking, 'a jury should determine whether the letter is deceptive and misleading.'")(quoting *Buchanan v. Northland Grp., Inc.*, 776 F.3d 393, 397 (6th Cir. 2015)).

## II.    THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

11. "The Florida Consumer Collection Practices Act is a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor

relations." *Harris v. Beneficial Finance Company of Jacksonville*, 338 So. 2d 196, 200-201 (Fla 1976). The FCCPA is to be construed in a manner that is protective of the consumer. *See* Fla. Stat. § 559.552 (providing that in the event of inconsistencies with the FDCPA, the provision that is more protective of the debtor prevails). Moreover, "[u]nlike the FDCPA, the [FCCPA] applies not only to debt collectors but to any persons collecting a consumer debt." *In re Hathcock*, 437 B.R. 696, 704 (Bankr. M.D. Fla. 2010); *See also Heard v. Mathis*, 344 So. 2d 651, 654 (Fla. 1st DCA 1977) (holding that, the FCCPA applied to "a private individual making an oral, non-interest bearing loan to a friend.").

12. The FCCPA proscribes conduct similar to that prohibited by the FDCPA. Specifically, the FCCPA states:

> In collecting consumer debts, no person shall:
>
> [...]
>
> (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

Fla. Stat. § 559.72.

13. As set forth in more detail below, Defendant's written communications to Plaintiff violate the aforementioned and/or foregoing provisions of the FDCPA and FCCPA, thereby giving rise to this action and entitling Plaintiff to damages for the same.

## JURISDICTION AND VENUE

14. This is an action for damages greater than $500 but less than $2,500, exclusive of attorney's fees and costs.

15. This action arises out of the Defendant's unlawful conduct, to wit, the acts and/or omissions of the Defendant in attempting to collect a consumer debt from Plaintiff violated the

FDCPA and FCCPA.

16. Venue in this District is proper because Plaintiff resides here, the Defendant transacts business here, and the complained conduct of Defendant occurred here.

## PARTIES

17. Plaintiff is natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

18. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(a).

19. Defendant is a foreign limited liability company doing business in Florida.

20. Defendant holds itself out as a business providing debt collection services and identified itself as a "debt collector" when communicating with Plaintiff.

21. Defendant uses the telephone, internet and/or mails in a business the principal purpose of which is the collection of debts.

22. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

23. Defendant holds a Consumer Collection Agency License issued by the Florida Office of Financial Regulation.

24. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7).

25. At all times material, Defendant was acting as a debt collector when communicating with Plaintiff.

26. At all times material hereto, Defendant was subject to the FCCPA. *See, e.g., Cook v. Blazer Fin. Services, Inc.,* 332 So. 2d 677, 679 (Fla. 1st Dist. App. 1976) (citing Fla. Stat. § 1.01(3)).

## FACTUAL ALLEGATIONS

27. Plaintiff is alleged to owe a financial obligation to "PREMIER Bankcard, LLC" (hereinafter the "Alleged Debt").

28. The Alleged Debt consists of amounts allegedly due for consumer/personal purchases made on a personal credit card.

29. The Alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5) and Fla. Stat. § 559.55(6) as it is a financial obligation allegedly incurred by Plaintiff primarily for personal, family or household purposes.

30. On or about July 13, 2017, Defendant sent or caused to be sent a written communication to Plaintiff (hereinafter "Defendant's Collection Letter"). A true and correct copy of Defendant's Collection Letter is attached hereto as "Exhibit A".

31. Defendant's Collection Letter is a "communication" as defined by 15 U.S.C. § 1692a(2) in that Defendant's Collection Letter conveys information regarding the Alleged Debt to Plaintiff.

32. Defendant's Collection Letter was Defendant's initial communication with Plaintiff with respect to the Alleged Debt.

33. Defendant did not communicate with Plaintiff again in writing within five (5) days of Defendant's initial communication with Plaintiff.

34. As demonstrated by its form and content, Defendant's Collection Letter is an attempt by Defendant to collect the Alleged Debt from Plaintiff.

35. Defendant's Collection Letter states that the "Amount" of the Alleged Debt is "$833.61".

36. On the front side, Defendant's Collection Letter states that "Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or

any portion thereof, this office will assume this debt is valid." (emphasis in original).

37. On the front side, Defendant's Collection Letter states, "**PLEASE SEE THE REVERSE SIDE FOR IMPORTANT INFORMATION**" (emphasis in original).

38. On the back side, Defendant's Collection Letter states "If you wish to dispute this debt, or any portion of this debt, you must do so in writing within thirty days of receiving this communication." (emphasis in original).

39. Upon information and belief, at the time Defendant's Collection Letter was sent, the balance of the Alleged Debt was subject to increase due to contractual interest, pre-judgment interest and fees/costs.

40. Defendant's Collection Letter does not disclose that the balance of the Alleged Debt is subject to increase due to interest and fees/costs.

41. Upon information and belief, at the time Defendant's Collection Letter was sent, Defendant knew, through knowledge of applicable statutes, documents and/or information provided to Defendant by the creditor(s) of the Alleged Debt, the underlying agreement creating the Alleged Debt, and/or account statements for the Alleged Debt, that the balance of the Alleged Debt was subject to increase due to interest and fees.

42. Upon information and belief, at the time Defendant's Collection Letter was sent, Defendant knew, through knowledge of applicable statutes and/or regulations, that the Alleged Debt could be effectively disputed orally within 30 days of Plaintiff's receipt of Defendant's Collection Letter.

43. All conditions precedent to the filing of this action have occurred or been waived.

## COUNT I –
## VIOLATION OF THE FDCPA AS TO
## MISLEADING STATEMENTS CONCERNING PLAINTIFF'S RIGHTS

44. Plaintiff re-asserts and re-alleges paragraphs 1 through 43 as if fully restated herein.

45. As detailed above, the form and content of Defendant's Collection Letter represents and/or implies to the least sophisticated consumer that the Alleged Debt must be disputed in writing within thirty (30) days in order for the dispute to be effective.

46. This implication and/or representation violates Sections 1692g(b), 1692e and 1692e(10) of the FDCPA as disputes made pursuant to 15 U.S.C. § 1692g(a)(3) need not be in writing to be effective. *See, e.g., Baez v. Wagner & Hunt, P.A.*, 442 F. Supp. 2d 1273, 1277 (S.D. Fla. 2006); *Mello v. Walled Lake Credit Bureau, LLC*, 13-14226-CIV, 2013 WL 12077491, at *3 (S.D. Fla. Oct. 17, 2013); *Alderman v. GC Services LP*, 2:16-CV-14508, 2017 WL 960362, at *2 (S.D. Fla. Mar. 13, 2017).

47. Defendant's violations of 15 U.S.C. §1692e and 1692e(10) are material, in that they would impact the least sophisticated consumer's decision making process in determining how to respond to Defendant's Collection Letter.

48. Defendant's aforementioned violations of the FDCPA have caused an injury-in-fact to Plaintiff that is concrete and particularized in that Plaintiff has: (1) been denied her legal right to receive required disclosures in communications governed by the FDCPA; and (2) been materially mislead in violation of federal law. *See, e.g., Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 995 (11th Cir. 2016)("Church has alleged that the FDCPA governs the letter at issue, and thus, alleges she had a right to receive the FDCPA-required disclosures. Thus, Church has sufficiently alleged that she has sustained a concrete—*i.e.*, 'real'—injury because she did not receive the allegedly required disclosures. The invasion

of Church's right to receive the disclosures is not hypothetical or uncertain; Church did not receive information to which she alleges she was entitled. While this injury may not have resulted in tangible economic or physical harm that courts often expect, the Supreme Court has made clear an injury need not be tangible to be concrete. *See Spokeo, Inc.*, 578 U.S. at ——, 136 S.Ct. at 1549; *Havens Realty Corp.*, 455 U.S. at 373, 102 S.Ct. 1114. Rather, this injury is one that Congress has elevated to the status of a legally cognizable injury through the FDCPA. Accordingly, Church has sufficiently alleged that she suffered a concrete injury, and thus, satisfies the injury-in-fact requirement.")(internal footnotes omitted); *McCamis v. Servis One, Inc.*, 2016 WL 4063403, at *2 (M.D. Fla. July 29, 2016)("Here, Plaintiff alleges a concrete and particularized injury in fact: Plaintiff has statutorily-created rights to be free from a debt collector's inappropriate attempts to collect a debt [...] and to be free from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt. [...] [V]iolation of statutory rights is not a 'hypothetical or uncertain' injury, but 'one that Congress has elevated to the status of a legally cognizable injury through the FDCPA.'")(quoting *Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990, 995 (11th Cir. 2016)); *Prindle v. Carrington Mortg. Services, LLC*, 2016 WL 4369424, at *8 (M.D. Fla. Aug. 16, 2016)("Through § 1692e, Congress identified an existing concrete harm (being subjected to specific abusive debt-collection practices) that, by itself, was inadequate at law to establish standing").

49. As a result of Defendant's aforementioned FDCPA violations, Plaintiff has suffered actual damages, including but not limited to stress, anxiety, frustration and confusion, whereby Plaintiff is entitled to relief for such, in addition to statutory damages and attorney's fees and costs.

## COUNT II
### VIOLATION OF THE FDCPA AS TO
### FAILURE TO DISCLOSE ACCOUNT BALANCE SUBJECT TO INCREASE

50. Plaintiff re-asserts and re-alleges paragraphs 1 through 43 as if fully restated herein.

51. As detailed more fully above, Defendant failed to advise Plaintiff that the amount of the Alleged Debt as stated in Defendant's Collection Letter was subject to increase. In doing so, Defendant violated the FDCPA, to wit:

    a. Section 1692g(a)(1), by failing to state the amount of the Alleged Debt. *See, e.g., Melillo v. Shendell & Associates, P.A.*, 2012 WL 253205 at *4 (S.D. Fla. Jan. 26, 2012)("Simply stating the amount due is not enough, however [...] The letter 'must state the amount of the debt clearly enough that the recipient is likely to understand it.'")(citing *Chuway v. Nat'l Action Fin. Servs., Inc.*, 362 F.3d 944, 948 (7th Cir. 2004)); *Anselmi v. Shendell & Associates, P.A.*, 12-61599-CIV, 2014 WL 5471111, at *2 (S.D. Fla. Oct. 29, 2014)("A debt collector is also required to inform a debtor if the debt is subject to adjustment by the creditor on a periodic basis.")

    b. Section 1692e, by failing to disclose the amount of the Alleged Debt was subject to increase. *See, e.g., ANA VASQUEZ PIMENTEL, Pl., v. NATIONWIDE CREDIT, INC., Def.,* 17-20226, 2017 WL 5633310, at *3 (S.D. Fla. Nov. 13, 2017)("a reasonable consumer could read the notice and be misled into believing that she could pay her debt in full by paying the amount listed on the notice when, if interest is accruing daily, a consumer who pays the 'current balance' would not know whether the debt has been paid in full."); *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 77 (2d Cir. 2016)("The collection notices at issue here stated only the 'current balance' but did not disclose that the balance might increase due to interest

and fees. Thus, Plaintiffs have stated a claim that these notices were 'misleading' within the meaning of Section 1692e."); *Sperber v. C. Credit Services, LLC,* 16CV5222ARRRLM, 2017 WL 1737702, at *5 (E.D.N.Y. May 1, 2017)("Having alleged that interest was accruing on his debt and that CCS failed to either disclose this interest or otherwise disclaim its right to collect it, Sperber has stated a plausible claim that the collection notices he received from CCS were misleading under Section 1692e of the FDCPA").

    c.  Sections 1692e(10), 1692e(2)(A) and 1692f, by failing to disclose the amount of the Alleged Debt was subject to increase. *See, e.g., McNamee v. Debski & Associates, P.A.,* 8:16-CV-2272-T-33TBM, 2016 WL 5391396, at *3 (M.D. Fla. Sept. 27, 2016).

52. Defendant's violations of 15 U.S.C. §§ 1692g(a)(1), 1692e, 1692e(2)(A) and 1692e(10) are material, in that they would impact the least sophisticated consumer's decision making process.

53. Defendant's aforementioned violations of the FDCPA have caused an injury-in-fact to Plaintiff that is concrete and particularized in that Plaintiff has been materially mislead in violation of federal law. *See, e.g., McCamis v. Servis One, Inc.,* 2016 WL 4063403, at *2 (M.D. Fla. July 29, 2016)("Here, Plaintiff alleges a concrete and particularized injury in fact: Plaintiff has statutorily-created rights to be free from a debt collector's inappropriate attempts to collect a debt [...] and to be free from being subjected to false, deceptive, unfair, or unconscionable means to collect a debt. [...] [V]iolation of statutory rights is not a 'hypothetical or uncertain' injury, but 'one that Congress has elevated to the status of a legally cognizable injury through the FDCPA.'")(quoting *Church v. Accretive Health, Inc.,*

654 Fed. Appx. 990, 995 (11th Cir. 2016)); *Prindle v. Carrington Mortg. Services, LLC,* 2016 WL 4369424, at *8 (M.D. Fla. Aug. 16, 2016)("Through § 1692e, Congress identified an existing 'concrete' harm (being subjected to specific abusive debt-collection practices) that, by itself, was inadequate at law to establish standing").

54. As a result of Defendant's aforementioned FDCPA violations, Plaintiff has suffered actual damages, including but not limited to stress, anxiety, frustration and confusion, whereby Plaintiff is entitled to relief for such, in addition to statutory damages and attorney's fees and costs.

## COUNT III – VIOLATION OF THE FCCPA

55. Plaintiff re-asserts and re-alleges paragraphs 1 through 43 as if fully restated herein.

56. At the time Defendant's Collection Letter was sent, Defendant knew, through knowledge of applicable statutes and regulations, that Plaintiff could effectively dispute the Alleged Debt orally. Nevertheless, Defendant inaccurately asserted that it had a right to treat only written disputes as valid.

57. Defendant, by and through Defendant's Collection Letter, violated Section 559.72(9), Florida Statutes, by asserting the existence of a legal right with knowledge that the right does not exist. *See, e.g., Ortega v. Collectors Training Inst. of Illinois, Inc.,* 09-21744-CIV, 2010 WL 11505559, at *5 (S.D. Fla. Mar. 31, 2010)(finding that inaccurate assertion of legal rights under the FDCPA gives rise to a claim under Fla. Stat. § 559.72(9)).

58. As a result of Defendant's aforementioned FCCPA violations, Plaintiff has suffered actual damages, including but not limited stress, anxiety, frustration, and confusion, whereby Plaintiff is entitled to relief for such, in addition to statutory damages and attorney's fees and costs.

## DEMAND FOR JURY TRIAL

59. Plaintiff respectfully demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Defendants, awarding Plaintiff the following relief:

(a)     Statutory and actual damages, as provided under 15 U.S.C. §1692k, for the FDCPA violations committed by Defendant in attempting to collect the Alleged Debt;

(b)     Statutory and actual damages, as provided under Fla. Stat. § 559.77(2), for the FCCPA violations committed by Defendant in attempting to collect the Alleged Debt;

(c)     An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

(d)     A declaration that Defendant's collection activities directed as Plaintiff are in violation of the FCCPA;

(e)     Costs and reasonable attorneys' fees as provided by both 15 U.S.C. §1692k and Fla. Stat. § 559.77(2); and

(f)     Any other relief that the Court deems appropriate and just under the circumstances.

DATED: December 5, 2017

Respectfully submitted by:

/s/ Benjamin W. Raslavich
**BENJAMIN W. RASLAVICH, ESQ.**
Florida Bar No.: 0102808
**KUHN RASLAVICH, P.A.**
2124 W. Kennedy Blvd., Suite B
Tampa, Florida 33606
Telephone: (813) 422 – 7782
Facsimile: (813) 422 – 7783
ben@theKRfirm.com
Counsel for Plaintiff



**Rushmore Service Center**
PO BOX 5508
SIOUX FALLS SD 57117-5508

EXHIBIT A

July 13, 2017

| | |
|---|---|
| BARBARA L MILLERSMITH | Original Creditor: PREMIER Bankcard, LLC |
| ▓▓▓▓▓▓▓▓▓▓▓ | Account ▓▓▓0867 |
| LAUDERHILL, FL 33319-4135 | Claim # ▓▓▓▓****2364 |
| | Amount: $833.61 |

Barbara L Millersmith:

Our office has been retained by the above referenced creditor to collect on an overdue account.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you contact this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Please contact our office at 1-866-950-7300 between the hours of 7:00 a.m. - 9:00 p.m. CST Monday through Thursday, 8:00 a.m. through 5:00 p.m. CST Friday, and 8:00 a.m. through 12:00 p.m. CST Saturday to resolve this matter.

Sincerely,

Joe Roberts
Collection Manager

This communication is from a debt collector. This letter is an attempt to collect a consumer debt and any information obtained will be used for that purpose.

### **NOTICE: PLEASE SEE THE REVERSE SIDE FOR IMPORTANT INFORMATION**

Payments may be made on-line at: http://www.rushmoreservicecenter.com/make-a-payment/

Please detach this portion and return with your payment to insure proper credit. Retain upper portion for your records.

 0005

| Account Number | Balance Due | Amount Enclosed |
|---|---|---|
| ▓▓▓▓0867 | $833.61 | $ |

**PLEASE PROVIDE ADDRESS CHANGES ON BACK.**

BARBARA L MILLERSMITH
▓▓▓▓▓▓▓▓▓▓▓
LAUDERHILL, FL 33319-4135

RUSHMORE SERVICE CENTER
PO BOX 5507
SIOUX FALLS, SD 57117-5507

ıʰlıₙₙıₗlıₗıₗlₙlₗlıₙlıₗₗlıₙₗₗlₗₗₗₙₗₗlₙₗₗₗlₗlₗₗₗₗₗlıₙlₗ

0218

Pay online at: http://www.rushmoreservicecenter.com/make-a-payment/

Make all checks payable to: Rushmore Service Center, LLC

Send all payments to: Rushmore Service Center, LLC, P.O. Box 5507 Sioux Falls, SD 57117

Physical Address: Rushmore Service Center, 3820 N Louise Ave Sioux Falls, SD 57107

We are required under state law to notify consumers of the following rights. This list does not include a complete list of rights consumers may have under state and federal laws:

California: The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. Non-profit credit counseling services may be available in your area.

Colorado: FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT SEE – WWW.AGO.STATE.CO.US/CADC/CADCMAIN.CFM
You may also make payments in person to our in-state office as indicated below:
Colorado Manager, Inc.
Building B
80 Garden Center, Suite 3
Broomfield, CO 80020
Phone: 303-920-4763

If you wish to dispute this debt, or any portion of this debt, you must do so in writing within thirty days of receiving this communication.

A Consumer has the right to request in writing that a debt collector or collection agency cease further communication with Consumer. A written request to cease and desist communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt.

Maine: Telephone number at the licensed location is (866) 950-7300. Hours of operation are 8:00 a.m.-5:00 p.m. Central Time Monday through Friday.

Massachusetts: Notice of important rights: You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the debt collector.

Minnesota: This collection agency is licensed by the Minnesota Department of Commerce. If you feel your concerns have not been addressed, please contact Rushmore Service Center and allow us the opportunity to try to address your concerns. Or, you have the option to address any concerns with the Minnesota Attorney General's Office, which can be reached at 651-296-3353 or 1-800-657-3787.

Nevada: Please be advised that if you pay or agree to pay the debt or any portion of the debt, the payment or agreement to pay may be construed as: (1) an acknowledgement of the debt; and (2) a waiver of any applicable statute of limitations as set forth in NRS 11.190 that otherwise precludes the collection of the debt. If you do not understand or have questions concerning your legal rights or obligations relating to this debt, you should seek legal advice.

New York City: New York City Department of Consumer Affairs License Number: 1372733

North Carolina: Collection Agency Permit No: 103965.

Tennessee: This collection agency is licensed by the Tennessee Collection Service Board of the Department of Commerce and Insurance. License No. 00001157

Please provide address changes below:

-------------------------------------------------------------------

-------------------------------------------------------------------

-------------------------------------------------------------------

-------------------------------------------------------------------